## IN THE MATTER OF GREVATT BROTHERS, INCORPORATED, A. J. TRISTANI, AND ORTIZ TORRES & COMPANY, Petitioners,

*v.*

## BUJOSA AND JAUME, Alleged Bankrupts.

San Juan, Bankruptcy, No. 474.

Opinion filed April 17, 1923.

*Mr. P. Albizu Campos* for petitioning creditors.

*Mr. E. Flores Colon* for alleged bankrupts.

ODLIN, Judge, delivered the following opinion:

At the time of the signing of the order in this case denying the petition, the court was occupied with jury trials so that there was no time available to set forth my reasons for such denial. The points involved are of sufficient importance to

entitle the parties to know the reasons why the court took this action.

The study of the testimony has satisfied me that, although certain acts of bankruptcy were alleged, none were proven. In the original petition there were set forth two acts which it was claimed constituted bankruptcy. One was the transfer to William Garic & Company of the proceeds of a certain policy of insurance, and the second was the transfer to William Garic & Company of certain motor vehicles. An amendment to the original petition was filed which alleged an act of bankruptcy arising from the transfer to Juan Canellas of a bakery business.

With respect first to the transfer to William Garic & Company of the proceeds of the policy of insurance, it appears that this payment was made by means of a certain deed or public document under date of December 13, 1922, by the terms of which the defendants assigned to Garic & Company their rights in a certain policy in order to guarantee the payment for certain flour to be delivered thereafter. It seems to me that this agreement cannot be properly regarded as a preference, because it was a contract for a valid consideration which both parties were entitled to make. It seems that the flour was delivered after said contract was executed and by virtue thereof, payment being made for the flour out of the proceeds of the policy. I cannot find any proof of payment for a past indebtedness so far as Garic & Company are concerned. The effect of this contract is the same as if the defendants had mortgaged real estate for $3,000. In the present case they virtually mortgaged the policy for flour. There is no claim that

Garic & Company were creditors of the alleged bankrupts, at the time the said instrument was executed.

With respect to the second alleged act of bankruptcy, viz.: the transfer of certain motor vehicles to Garic & Company, I find no proof whatever in the record.

With respect to the third act of bankruptcy, a deed was introduced in evidence which had been executed before a notary public, Mr. J. R. Gelpi, but an examination of this instrument shows that it is virtually only a lease, and cannot operate in any way as a transfer of property to Canellas, the grantee in said deed, and I cannot find that this deed operated in any way to put beyond the reach of the creditors of the defendants any of their property.

Counsel for the alleged bankrupts, in their written argument, lay considerable stress upon the claim that there is no proof properly presented as to the claims of the petitioning creditors; but I have not considered this in reaching a decision because in their answer filed there is no denial of such credits.

As regards the question of solvency or insolvency of these defendants, I do not deem it proper that this court enter into any discussion thereof, because, even though insolvency be assumed, no finding of bankruptcy is permissible unless an act of bankruptcy be proven. The value of the assets of the individual partners must be ascertained and determined before this court can reach a decision as to whether there is insolvency within the meaning of the Bankruptcy Law. This is clearly shown by the well-known author on bankruptcy, Mr. Collier, in the edition of his book published in 1921, where he sets forth elaborate commentaries on § 5 of the Bankruptcy

Law. Of course this Bankruptcy Law regards a partnership as an entity, but the courts have always unanimously held that in order for a partnership to be declared bankrupt it must be first shown that all the assets of the firm and all the assets of the individual partners have a value less than the total indebtedness of the firm added to the indebtedness of each individual composing the firm. In the case which has just been passed upon by me a doubt arises in my mind as to whether the petitioning creditors have actually shown insolvency, because there is nothing definite in the way of proof with respect to the value of the real estate owned by the partner Antonio Jaume; and I also fail to find any affirmative showing as to the exact amount of the indebtedness of the two men who compose the firm alleged to be bankrupt.

Furthermore, the instrument of lease made by Jaume to Canellas by no means supports the claim on the part of the petitioning creditors that there was any transfer actually made to Canellas for the purpose of defrauding or hindering creditors of the firm, and therefore the burden of proof on this question of solvency or insolvency has not passed from the petitioning creditors to the alleged bankrupt firm, as would have been the case if such transfer to Canellas had been shown to have been with the purpose to delay or to defraud any creditors.

For the reasons stated, the order dismissing the petition was signed by me.